CLARA MIMNAGH, RESPONDENT, v. GISELLA FALATO, APPELLANT.

Argued November 1, 1932—Decided January 31, 1933.

For the appellant, *French, Richards & Bradley* (*Floyd H. Bradley,* of counsel).

For the respondent, *Albert S. Woodruff.*

The opinion of the court was delivered by

BROGAN, J. This case presents an appeal from a verdict recovered in the Camden County Circuit of the Supreme

Court by the plaintiff below. The complaint charges that on July 24th, 1929, the defendant was the owner and controlled the operation of an automobile through her servant or agent which at the time of the happening complained of was being operated along White Horse Pike at or near the intersection made by Harvard avenue, a public highway in the borough of Stratford, Camden county, New Jersey. The plaintiff was struck by the defendant's automobile while crossing the highway at this point and suffered personal injuries which she charges were caused by and due to the negligent operation of the automobile. The answer to the charges of the complaint consisted in a general denial and the separate defense that there was no negligence on the part of the plaintiff. Issue was joined and the case tried and the plaintiff received a verdict from the jury and the defendant-appellant now appeals to this court and seeks a reversal of the judgment below on two grounds. First, because the trial court refused to direct a verdict in favor of the defendant, and, secondly, because the trial court erroneously admitted testimony over objection, as to the amount of money paid by the plaintiff below for the services of a housekeeper during the plaintiff's incapacity from her injuries. The following are the facts:

The defendant, Gisella Falato, left her home in Gibbsboro to visit a married daughter at Hi-Nella, Camden county. Her daughter Teresa drove the car. When they reached the home of Mrs. Cook, the married daughter, the daughter, Teresa, asked and received permission from her mother to use the car to go back to Gibbsboro, there to go swimming. There is ample testimony in the case to justify the conclusion that there was an understanding between the mother and the daughter, Teresa, that she was to return with the car when she had finished swimming in order to take her mother home to Gibbsboro in time for supper.

At the time of the accident the automobile was being operated by the daughter, Teresa, who had finished her swimming and was returning to Hi-Nella to get her mother, thence to return home to Gibbsboro.

The plaintiff, a widow, sixty-five years old, had alighted from a bus which was traveling south on the White Horse Pike. She started across the roadway and had almost reached the other side when the defendant's car, traveling northward, struck her. It was admitted that the warning of a horn was not given.

The appellant's first ground for reversal is that the defendant should have had a directed verdict in her favor, and is based upon two reasons in support of that motion: (a) No actionable negligence on the part of the appellant; (b) that the presumption of the automobile being under the control of the defendant and that the relation of master and servant existed at the time of the accident had been overcome by undisputed proof.

The charge of contributory negligence has been abandoned.

The first reason advanced under this ground for reversal that there was no actionable negligence on the part of the appellant has not been argued and likewise must be considered as having been abandoned. *Sargeant Brothers* v. *Brancati,* 107 *N. J. L.* 84.

Therefore, the only remaining point made by the appellant under this ground for reversal is that at the time of the accident, the daughter, Teresa, was on a mission of her own, not under her mother's control as far as the operation of the car went, and that the relationship of master and servant did not exist. There is a presumption in the law in favor of the continuing agency of the one who is entrusted with the operation of an automobile. The defendant herself, in cross-examination, upon being asked if she didn't have another son or daughter who drove the car, replied that "she had plenty;" when she was first asked if they drove, too, she replied: "*A.* Yes, but not my machine," which plainly meant that the daughter, Teresa, was her chauffeur. Now on the question of the continuing agency, it seems that the doctrine laid down by this court in the case of *Tischler* v. *Steinholtz,* 99 *N. J. L.* 149, governs. That case, among other principles enunciated, stands for the following: "Proof of defendants' ownership of an automobile driven on a public

highway, raises a presumption of fact that such automobile was in the possession of the defendant, if not personally, then through his servant, the driver, and that such driver was acting within the scope of his employment. Both or either of these presumptions may be overcome by the uncontradicted proof to the contrary; and if so overcome by uncontradicted proof that the automobile was not in the possession of the owner or of his servant, or was not being used by the servant within the scope of his employment, then a motion for a direction of a verdict for the defendant owner will be granted. If, however, the evidence is contradictory, or reasonably subject to contradictory interpretations, the question of liability is for the jury."

Here it is a fair and reasonable inference that the daughter, Teresa, was the one selected by the defendant to operate this car. The defendant herself had no driving license nor was she able to operate an automobile. She says that the other members of her family did not drive *her* car and the jury might reasonably find, as it did apparently, that it was the sole task of the daughter, Teresa, to drive the defendant's car. The case is clearly distinguishable from the rule laid down in *Doran* v. *Thomsen*, 76 *N. J. L.* 754. In that case a father owned an automobile and his nineteen-year-old daughter was accustomed to drive it and did so whenever she felt so disposed, asking permission when her father was available, and when he was not, taking it upon herself to drive it without permission. There was no proof in that case that the daughter was assigned the task by the father to operate the machine and on those facts it was held that where the daughter had taken the machine for her own use in driving her personal friends here and there and negligently injured a person in the operation of the car, there was not enough proof to constitute the daughter as the agent or servant of the father and, under those circumstances, a direction of verdict in favor of the defendant should have prevailed. It is a necessary corollary of these principles that when there is a conflict of testimony as to whether or not the actual operator of the automobile was or was not on a mission of the owner

of the car, the question is properly one for the consideration of a jury. The daughter, Teresa, was on her way back to Hi-Nella to get her mother for the return trip home. On the outward bound journey to Gibbsboro, to the swimming place, manifestly, she was on her own business, but on the return trip, under the testimony, it was for the jury to say whether or not the relation of master and servant existed and if she were doing her mother's bidding and on her mother's business the jury might find, as it did, that the relationship of master and servant had been re-established. *Evers* v. *Krouse,* 70 *N. J. L.* 653; *Missel* v. *Hayes,* 86 *Id.* 348; *Dunne* v. *Hely,* 104 *Id.* 84.

The second ground for reversal is that the court erroneously permitted the introduction of testimony as to the alleged amount of money paid a housekeeper. The testimony was that a housekeeper had been employed during the mother's illness, and the amount of that expense was part of plaintiff's damages.

During part of the time the mother was in bed. At another stage of her convalescence she used crutches, and at still another stage she walked with the aid of a cane.

Testimony was allowed as to an amount paid for these services for a period of forty-five weeks and counsel for the appellant insists that this was error. The record discloses that the testimony was offered in a qualified fashion and that possibly this housekeeper did render services to another member of the respondent's family who was ill at the time. This was stated in open court in the presence of the jury. It was the kind of testimony that was open to argument. The admission of the testimony, in our judgment, was proper and under the circumstances of its reception into evidence it could not have been harmful to the appellant. It was the kind of testimony that was arguable either way and which the jury might or might not consider an element of money damage, and this, after all, is fully within the province of any jury as the triers of fact.

The judgment under review is affirmed.

 

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 12.

*For reversal*—None.